**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 05a0048n.06**
**Filed: January 18, 2005**

**No. 03-4305**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| ELMER AHART, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| MARGARET BRADSHAW, Warden, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Respondent-Appellee | ) | |
| | ) | |
| | ) | |

**Before: MERRITT, GIBBONS, and ROGERS, Circuit Judges.**

**JULIA SMITH GIBBONS, Circuit Judge.** Petitioner Elmer Ahart appeals from the

district court's decision denying his petition for a writ of habeas corpus. He asserts the following:

(1) his habeas petition was timely; (2) he was denied the effective assistance of counsel when his

attorney filed an untimely notice of appeal; and (3) his right to a jury trial and right to plead not

guilty were violated by the trial court. For the following reasons, we affirm the judgment of the

district court.

I.

In 1992, a grand jury indicted Ahart on three counts of aggravated murder and one count of

attempted aggravated murder. Each count carried a specification of the aggravating circumstances

that the offense involved the purposeful killing of two or more persons and a firearm specification.

Although Ahart initially pleaded not guilty to all counts, he later withdrew his not guilty plea and entered a guilty plea as to all counts. The State of Ohio agreed not to pursue the death penalty and to merge the firearm specifications into one specification. The capital specifications were not deleted. A judge subsequently sentenced Ahart to twenty years to life on each of the three counts of aggravated murder, ten to twenty-five years imprisonment for attempted aggravated murder, and three years of actual incarceration for the firearm specification.

On October 18, 1993, Ahart filed a notice of appeal to the Ohio Court of Appeals. The Ohio Court of Appeals dismissed the appeal as untimely, because Ahart did not file the notice of appeal within thirty days of judgment. Ahart did not appeal this decision. On November 24, 1993, Ahart filed a motion for reconsideration. The Ohio Court of Appeals denied this motion.

Ahart, proceeding pro se, moved to withdraw his guilty plea on August 20, 1999. The judge denied this motion, and Ahart did not appeal from this decision.

On October 26, 1999, Ahart, again proceeding pro se, filed a petition to reopen the appeal with the Ohio Court of Appeals pursuant to Ohio Rule of Appellate Procedure 26(B). The appellate court granted Ahart's motion and, in doing so, vacated its previous order dismissing the case and reopened the appeal. It also assigned a public defender to Ahart's case.

Ahart filed a brief raising three separate issues. They were: (1) whether the trial court erred by convicting and sentencing Ahart for aggravated murder with capital specifications without empaneling two additional judges pursuant to Ohio Criminal Rule 11(C) and Ohio Rev. Code § 2945.06; (2) whether the trial court violated Ahart's liberty interest when it accepted the guilty plea and sentenced Ahart without empaneling two additional judges; and (3) whether the trial court erred

when it convicted and sentenced Ahart even though he had not made a knowing, intelligent and voluntary waiver of his right to a jury trial and right to plead not guilty. Thereafter, Ahart, proceeding pro se, filed a motion to supplement his brief and raised two additional claims: there was no waiver of a jury trial form, and he did not plead guilty to the crimes for which he was sentenced. The Ohio Court of Appeals granted his motion to supplement.

After hearing oral arguments, the Ohio Court of Appeals permitted the parties to file supplemental briefs on the issue of jurisdiction. Ahart filed a brief setting forth two alternative grounds for jurisdiction; first, Ahart argued that the appellate court properly used Ohio Appellate Rule 26(B) to reopen his case, and alternatively, he argued that the appellate court implicitly granted his request for a delayed appeal under Ohio Appellate Rule 5(A). The state filed a supplemental brief arguing that there was no jurisdiction because Ahart did not file a timely notice of appeal.

On September 28, 2001, the Ohio Court of Appeals affirmed the judgment of conviction and sentence. It found that Ahart "failed to demonstrate that his prior appellate counsel was ineffective for having failed to raise the" assignments of error. Ahart filed a motion to reconsider, which was denied. Ahart also filed a notice of appeal and a memorandum in support of jurisdiction in the Ohio Supreme Court. The Ohio Supreme Court denied leave to appeal, because it did not "involv[e] any substantial constitutional question."

Ahart requested leave to appeal the appellate court's denial of his motion to reconsider to the Ohio Supreme Court; the Ohio Supreme Court denied the request. He then filed a motion for reconsideration with the Ohio Supreme Court, which was denied. Ahart also petitioned for a writ of certiorari in the United States Supreme Court; the petition was denied on October 7, 2002.

*Ahart v. Bradshaw, No. 03-4305*

On September 6, 2002, Ahart, proceeding pro se, filed for a writ of habeas corpus in the Northern District of Ohio. He raised the following claims for relief: (1) he was denied the right to effective assistance of counsel when his counsel failed to file a timely notice of appeal; and (2) his right to a jury trial and right to plead not guilty were violated when the trial court failed to hold an *Alford* inquiry after he stated that he was not guilty.

The case was referred to United States Magistrate Judge George Limbert for report and recommendation pursuant to 28 U.S.C. § 636. He found that Ahart's limitation period for filing a habeas petition expired on April 24, 1997, and thus, because his petition was not filed until 2002, it was barred as untimely. Even assuming that Ahart could overcome this, Magistrate Judge Limbert found that neither of his grounds for relief had merit. He also determined that Ahart's second asserted ground for relief, the right to a jury trial and right to plead not guilty, were procedurally defaulted because they were not advanced in the state courts.

United States District Judge Peter Economus adopted the report and recommendation. He additionally declined to issue a certificate of appealability.

On April 20, 2004, this court granted a certificate of appealability as to three issues: (1) whether the habeas petition was timely; (2) whether Ahart was denied the right to effective assistance of counsel; and (3) whether Ahart's right to a jury trial and right to plead not guilty were violated when the trial court failed to hold an *Alford* inquiry.

II.

In reviewing habeas corpus proceedings, this court reviews the district court's disposition *de novo* and the findings of fact for clear error. *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002).

- 4 -

Under AEDPA, an application for writ of habeas corpus should not be granted unless the previous state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of United States," or (2) involved an "unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). The "contrary to" clause allows a federal habeas court to grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Under the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle" from the Supreme Court's decisions, "but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

Under AEDPA, a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). This limitation period begins to run from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* A person in custody can toll the limitations period with a "properly filed application for State post-conviction or other collateral review." *Id.* § 2244(d)(2). However, once the one-year period has expired, state collateral review proceedings cannot "restart the clock" on this period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

Ahart contends that his petition was timely because the Ohio Court of Appeals vacated its 1993 entry dismissing his appeal, and thus his "direct appeal was pending continuously from

October 18, 1993, when he filed the notice of appeal of his conviction and sentence, through October 7, 2002, when" the petition for a writ of certiorari to consider Ahart's reopened appeal was denied by the Supreme Court. Under Ahart's interpretation, his habeas petition, filed on September 6, 2002, was timely. In contrast, the government asserts that Ahart's conviction became final in 1993, after the Ohio Court of Appeals denied reconsideration of the dismissal of his untimely appeal. Ahart therefore had one year from the enactment of AEDPA, or until April 24, 1997, to file for a writ of habeas corpus. *Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir. 1999), *vacated on other grounds*, 530 U.S. 1257 (2000) (establishing that a "one-year grace period from the effective date of AEDPA is applicable").

We need not resolve this dispute over the timeliness of Ahart's petition. Assuming without deciding that it was timely, Ahart's petition fails on the merits.

A.

Ahart argues that he was denied the effective assistance of counsel when his attorney failed to file a timely notice of appeal from his conviction.

Under the Sixth Amendment, criminal defendants have a right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984). The *Strickland* test applies in situations such as Ahart's when there is a claim that "counsel was constitutionally ineffective for failing to file a notice of appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Thus, to succeed on an ineffective assistance claim, a defendant must show that his counsel's performance was deficient and that it prejudiced his defense. *Strickland*, 466 U.S. at 687. A counsel's performance was deficient if it was objectively unreasonable under the circumstances. *Id.* at 688. It was

prejudicial if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. For the purpose of ineffective assistance claims, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* In order to grant a habeas petition, the state court's application of *Strickland* must be objectively unreasonable. *See* 28 U.S.C. § 2254(d).

Ahart argues that his counsel's failure to file any appeal at all constituted ineffective assistance. As a preliminary matter, it is not entirely clear that this issue was raised in the state court. Ahart's Rule 26(B) brief raised particular assignments of error, but did not specifically assert that his counsel was ineffective for failing to file a timely appeal. Thus, it could be argued that Ahart has not totally exhausted all his claims in the state court. *See Rose v. Lundy*, 455 U.S. 509, 518-20 (1982) (petition must be dismissed for lack of exhaustion if it contains an issue not presented to state courts).

However, Ahart did file a supplemental brief in support of the Ohio Court of Appeals' jurisdiction in which he argued that the court could reopen his case because his "counsel's ineffectiveness caused the notice of appeal to be untimely." Ahart therefore did present in some form the idea that his counsel was ineffective for simply failing to file the timely appeal. The Ohio Court of Appeals never addressed this issue, however, instead proceeding to an evaluation of whether Ahart's assignments of error constituted ineffective assistance of counsel.

Because Ahart's contention that his counsel was ineffective for not filing a timely appeal was not addressed on the merits (assuming that he did fairly present it in the state court), we conduct a *de novo* review of the issue. *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

In *Roe v. Flores-Ortega*, the Supreme Court held that *Strickland*'s prejudice/performance analysis applied to claims "that counsel was constitutionally ineffective for failing to file a notice of appeal." 528 U.S. at 477. The Court bifurcated the performance prong into two inquiries. First, has the defendant instructed the attorney to file an appeal; if so, "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.* at 478. If the defendant and attorney have not consulted regarding an appeal, counsel

> has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Id.* at 480.

In Ahart's brief, he argues that "[f]ailing to properly file a notice of appeal is, by itself, deficient performance." *Roe* expressly refutes this argument, and Ahart does not present any facts suggesting that his counsel's performance was deficient under the test laid out by the Supreme Court. He does not allege that he expressly instructed counsel to file an appeal. Rather, the record reflects that, in one of Ahart's petitions to the Ohio Court of Appeals, he states that his attorney filed the untimely notice of appeal "without ever bothering to notify his client in any way." This suggests that Ahart did not expressly instruct his attorney to file an appeal, and thus it was not *per se* professionally unreasonable for his counsel not to file the appeal.

The next question under *Roe* is whether Ahart's attorney had a constitutionally imposed duty to consult with Ahart about an appeal. There is nothing in the record to indicate that Ahart wanted

to appeal his guilty plea and sentence at that time. (Ahart now contends that he did want an appeal filed; however, this does not bear on the current inquiry as it is not clear that he expressed this desire in 1993.) The Supreme Court reasoned that

> a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights.

*Id.* In Ahart's case, he entered into a plea agreement, which *Roe* suggests weighs against finding a constitutionally imposed to duty to consult regarding the appropriateness of an appeal. As part of that plea agreement, Ahart indicated that he understood the possible sentences to be life sentences with the possibility of parole after twenty years on each of the three aggravated murder charges or thirty full years of imprisonment on each count, three years of actual incarceration on the firearm specifications, and ten to twenty-five years of imprisonment on the attempted murder charge, along with various fines. Ahart received a sentence commensurate with what was indicated in the plea agreement. The judge sentenced him to twenty years to life on each of the three counts of aggravated murder, ten to twenty-five years of imprisonment for attempted aggravated murder, and three years of actual incarceration for the firearm specification. Thus, he received the sentence for which he bargained, a factor which weighs against finding that his counsel had a duty to consult with him regarding an appeal. The plea agreement, however, did preserve Ahart's right to appeal any judgment of the court. Looking at the plea agreement in its entirety, we conclude that it was not unreasonable for counsel not to consult with him about an appeal given that Ahart did receive what

he expected to receive by entering into the plea agreement.

Also weighing in favor of finding that counsel's performance was not deficient is the fact that there were no nonfrivolous grounds for appeal. Ahart submitted three claims to the Ohio Court of Appeals in his Rule 26(B) application that presumably he would have submitted had his notice of direct appeal been timely. The first two claims asserted that the trial court erred by convicting and sentencing him for aggravated murder with capital specifications without the two additional judges necessary for the three-judge panel required under Ohio law. At the time Ahart entered into the plea agreement, this was not the state of the law. Rather, *State v. Griffin*, 597 N.E.2d 1178, 1183 (Ohio. App. 1992), established that when a defendant agreed to forgo his right to a jury trial in exchange for the prosecution's agreement not to pursue the death penalty, the case could be heard by a single judge. *Griffin* was not overruled until the Ohio Supreme Court issued its decision in *State v. Parker*, 769 N.E.2d 846 (Ohio 2002). Thus, at the time Ahart would have appealed his sentence, the law did not require that his case be heard by a three-judge panel. The fact that the law may have changed in 2002 does not mean that Ahart had a nonfrivolous ground for appeal in 1993.

Ahart's third claim in arguing his reopened appeal was that the trial court erred when it convicted and sentenced him even though he had not made a knowing, intelligent and voluntary waiver of his right to a jury trial. The record shows that Ahart entered into his plea agreement in a knowing and voluntary fashion; he signed the plea agreement and represented to the judge "that this plea is freely and voluntarily made and not in any way coerced or induced." Thus, this did not constitute a nonfrivolous ground for appeal.

Although "in the vast majority of cases . . . counsel ha[s] a duty to consult with the defendant about an appeal," *Roe*, 528 U.S. at 481, we conclude that it was not unreasonable for counsel not to have consulted with Ahart about an appeal and not to have filed a timely notice of appeal. Ahart entered into a plea agreement and received the sentence for which he bargained, and there were no nonfrivolous grounds for appeal. Further, there is no indication that Ahart asked his attorney to file an appeal. Counsel's performance was therefore not deficient under the considerations outlined in *Roe*, and Ahart's claim that he received ineffective assistance of counsel fails.

B.

Ahart also alleges that he was denied his rights to a jury trial and to plead not guilty when the state trial court failed to conduct an *Alford* inquiry after he initially pleaded not guilty. The magistrate judge, whose report and recommendations were adopted in full by Judge Economus, concluded that Ahart never presented this "as a substantive claim in the state courts" and the claim was procedurally defaulted because "it [did] not rest on the same theory as previously asserted in the state courts." Further, even if the claim had not been procedurally defaulted, the magistrate judge concluded that Ahart entered his guilty plea in a knowing and voluntary fashion.

"Under Ohio law, the failure to raise on appeal a claim that appears on the face of the record constitutes a procedural default under the State's doctrine of res judicata." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). A claim must be "presented to the state courts under the same theory in which it is later presented in federal court." *Id.* A review of Ahart's brief to the Ohio Court of Appeals reveals that Ahart specifically asserted that (1) "the trial court erred when it convicted and sentenced Mr. Ahart even though he had not made a knowing, intelligent and voluntary waiver of

his right to a jury trial and his right to plead not guilty"; and (2) "when a capital defendant states that he is 'not guilty,' must the trial court conduct an *Alford* inquiry before accepting a guilty plea." Ahart argued that "[b]ecause the trial court failed to conduct an *Alford* inquiry, Mr. Ahart did not waive of his Fifth, Sixth and Fourteenth Amendment rights to a [sic] plead not guilty and to have a jury trial." It therefore appears that Ahart did present this issue to the state court under the same theory (violation of his federal constitutional rights) that he is currently advancing in his habeas petition. The magistrate judge erred in finding procedural default.

However, Ahart's claim fails on the merits. The Ohio Court of Appeals concluded that Ahart's "argument that his plea was not voluntary in this regard is without merit" and that he "never protested his innocence," rendering an *Alford* plea unnecessary. These conclusions were neither contrary to clearly established federal law, nor did they involve an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d). *Alford* applies to situations in which the defendant enters a guilty plea but "is unwilling or unable to admit his participation in the acts constituting the crime." *North Carolina v. Alford*, 400 U.S. 25, 37 (1970). In Ahart's case, he did not protest his innocence as did the defendant in *Alford*; therefore, the Ohio Court of Appeals correctly concluded that the trial court did not need to conduct an *Alford* inquiry. With regard to the validity of plea agreements, the Supreme Court has held that they are valid if they are entered into voluntarily and intelligently. *Brady v. United States*, 397 U.S. 742, 747 (1970). The voluntariness of a plea is measured by "considering all of the relevant circumstances surrounding it." *Id.* at 749. In this case, Ahart signed a plea agreement indicating that he understood that he was waiving certain rights, that he could receive certain sentences based on the plea, and that the plea was freely and voluntarily made. In

court, Ahart agreed with the judge "that this plea is freely and voluntarily made and not in any way coerced or induced." He sets forth no evidence that the government coerced his plea or obtained it through threats. *See id.* at 750. Thus, the Ohio Court of Appeals correctly concluded that, under governing law, his plea was voluntarily made.

## III.

For the foregoing reasons, we affirm the district court's denial of Ahart's petition for a writ of habeas corpus.