OPINION
{¶ 1} Defendant-appellant Johnny C. Mitchell, III appeals the August 13, 2004 Judgment Entry of the Guernsey County Court of Common Pleas denying his pro se motion to withdraw guilty plea. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant was indicted on two counts of aggravated murder, aggravated robbery, aggravated burglary, and theft. On October 30, 2001, appellant pled guilty to two counts of aggravated murder, one count of aggravated robbery and one count of aggravated burglary. The trial court sentenced appellant to life in prison without parole eligibility until he has served forty years of imprisonment.
 {¶ 3} On June 30, 2004, appellant filed a pro se motion to withdraw his guilty plea. On August 13, 2004, via Judgment Entry, the trial court denied the motion. On February 11, 2005, this Court granted appellant the right to prosecute a delayed appeal as if timely filed as an appeal as of right. Appellant now appeals, assigning as error:
 {¶ 4} "I. DEFENSE COUNSEL FAILED TO INFORM DEFENDANT-APPELLANT OF DNA EVIDENCE RESULTING IN A LESS THAN KNOWING GUILTY PLEA."
 {¶ 5} In State v. Smith (1977), 49 Ohio St.2d 261, the Ohio Supreme Court held: "It has been expressly recognized by the weight of authority that a defendant seeking to withdraw a plea of guilty after sentence has the burden of establishing the existence of manifest injustice. United States v. Mainer (C.A. 3, 1967), 383 F.2d 444. The motion is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court. United States v. Washington (C.A. 3, 1965), 341 F.2d 277, certiorari denied382 U.S. 850, 86 S.Ct. 96, 15 L.Ed.2d 89 rehearing denied382 U.S. 933, 86 S.Ct. 317, 15 L.Ed.2d 346. Although the rule itself does not provide for a time limit after the imposition of sentence, during which a motion to withdraw a plea of guilty must be made, it has been held that an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion."
 {¶ 6} Criminal Rule 32.1 governs motions to withdrawal guilty pleas:
{¶ 7} "Crim R 32.1 Withdrawal of guilty plea
 {¶ 8} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 9} In the case sub judice, appellant moved the trial court to withdraw his guilty plea well after the trial court imposed his sentence. Therefore, the burden of demonstrating manifest injustice lies with the appellant, and the remedy is provided only in extraordinary cases. State v. Smith (1977),49 Ohio St.2d 261.
 {¶ 10} Appellant argues manifest injustice exists because his guilty plea was not knowingly, voluntarily or intelligently made as required by Criminal Rule 11, due to the alleged ineffective assistance of his trial counsel.
 {¶ 11} Appellant's argument is essentially a claim of ineffective assistance of trial counsel. Appellant maintains his counsel contacted him only four or five times prior to his plea, and stayed for no more than forty-five minutes on each visit. Appellant asserts his trial counsel did not inform him of DNA evidence analyzed in connection with his case, and never introduced the DNA evidence in his pleadings before the trial court. Appellant asserts his attorney failed to request a change of venue, and allegedly coerced his family into forcing him to plead guilty. As a result, appellant argues the trial court erred in not allowing him to withdraw his guilty plea.
 {¶ 12} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 13} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley,
supra at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, there is a strong presumption that counsel's conduct fell within the wide range of reasonable, professional assistance.Id.
 {¶ 14} Appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." State v. Carter (1995), 72 Ohio St.3d 545, 558
(citing Lockhart v. Fretwell (1993), 506 U.S. 364, 370,113 S.Ct. 838, 122 L.Ed.2d 180). Further, both the United States Supreme Court and the Ohio Supreme Court have held that a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley,
supra. at 143 (quoting Strickland, supra. at 697).
 {¶ 15} Upon review of the record, we find none of appellant's claims of ineffective assistance of counsel are supported by references to the record or evidence establishing the deficiency of counsel's performance. Nor did appellant demonstrate he suffered prejudice as a result thereof. Accordingly, Appellant has not met his burden of proving a manifest injustice resulting from the trial court's denial of his motion to withdraw his guilty plea. Therefore, appellant's sole assignment of error is overruled.
 {¶ 16} The August 13, 2004 Judgment Entry of the Guernsey County Court of Common Pleas is affirmed.
Hoffman, J. Boggins, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the August 13, 2004 Judgment Entry of the Guernsey County Court of Common Pleas is affirmed. Costs assessed to appellant.