OPINION *Page 2 
{¶ 1} Appellant Johnny C. Mitchell appeals the denial of his motion to withdraw his guilty plea in the Guernsey County Court of Common Pleas.
 {¶ 2} Appellee is State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On December 6, 2000, the Guernsey County Grand Jury issued a seven-count indictment against Appellant Johnny C. Mitchell, III, charging him with aggravated murder, in violation of R.C. § 2903.01 (A), with three capital specifications and a firearm specification, in Count One; aggravated murder, in violation of R.C. § 2903.01 (B), with three capital specifications, and a firearm specification, in Count Two; aggravated murder, in violation of R.C. § 2903.01(A), with three capital specifications, and a firearm specification, in Count Three; aggravated murder, in violation of R.C. § 2903.01(B), with three capital specifications, and a firearm specification, in Count Four; aggravated robbery, in violation of R.C. § 2911.01 (A)(1), with a firearm specification, in Count Five; aggravated burglary, a violation of R.C. § 2911.11, with a firearm specification in Count Six; and theft, in violation of R.C. § 2913.02, in Count Seven. The victims of the homicides were Vera Crosby (Counts One and Two) and her son, Thomas Underwood (Counts Three and Four).
 {¶ 4} On October 23, 2001, the case proceeded to trial before a jury in the Guernsey County Common Pleas Court. On the second day of trial, however, the parties reached a plea agreement, and Appellant entered a negotiated guilty plea to Counts One, Three, Five, and Six of the indictment. (Plea. T. at 2-5). Under the terms of *Page 3 
the plea agreement, the State recommended the trial court impose a life sentence. (Plea T. at 4-5).
 {¶ 5} The trial court accepted Appellant's guilty plea and on October 30, 2001, sentenced Appellant to life in prison without parole eligibility until he has served forty years of imprisonment.
 {¶ 6} Appellant did not file a direct appeal from this sentence.
 {¶ 7} On June 30, 2004, Appellant filed a pro se motion to withdraw his guilty plea. Appellant claimed that his plea was not voluntarily or intelligently entered, and that his trial attorneys provided constitutionally inadequate assistance in advising him to enter a plea of guilty to the charges.
 {¶ 8} On August 13, 2004, via Judgment Entry, the trial court denied the motion. No evidentiary hearing was held on said motion.
 {¶ 9} On September 16, 2004, Appellant, again proceeding pro se, attempted to file a notice of appeal from the August 13th
decision of the trial court, but that appeal was denied for being untimely filed.
 {¶ 10} On February 11, 2005, this Court granted appellant the right to prosecute a delayed appeal as if timely filed as an appeal as of right. See State v. Mitchell, 5th Dist. No. 05-CA-2,2006-Ohio-64.
 {¶ 11} In said appeal Appellant had asserted that his plea was not knowing, intelligent, and voluntary, based on the ineffective assistance of counsel, and that his trial attorneys were ineffective because they failed to inform him of DNA evidence; because they failed to introduce DNA evidence; because they failed to request a *Page 4 
change of venue; and because they coerced Mitchell's family into forcing him to plead guilty. Id.
 {¶ 12} After reviewing the merits of Appellant's claims, this Court affirmed the trial court's decision denying Appellant's motion to withdraw his guilty plea. Id. This Court found that "none of appellant's claims of ineffective assistance of counsel are supported by references to the record or evidence establishing the deficiency of counsel's performance. Nor did appellant demonstrate he suffered prejudice as a result thereof." Id.
 {¶ 13} Appellant did not perfect a timely appeal to the Ohio Supreme Court from this Court's decision, and on June 7, 2006, the Ohio Supreme Court denied Appellant's pro se request for leave to file a delayed appeal. State v. Mitchell, Ohio Supreme Court Case No. 2006-0833,109 Ohio St.3d 1493, 2006-Ohio-2762.
 {¶ 14} On January 11, 2007, Appellant filed a second pro se motion to withdraw his guilty plea based on a claim of recently discovered evidence of innocence. Appellant also incorporated the arguments presented in his first motion to withdraw his plea in his second motion, and asserted that his guilty plea was not knowingly, intelligently, or voluntarily made, and that his trial attorneys provided ineffective assistance. Attached to his second motion to withdraw his guilty plea was an affidavit of Jacob Schleining, who attested to engaging in a conversation with Josh Underwood, Thomas Underwood's son, and Vera Crosby's grandson, while Schleining and Josh Underwood were both incarcerated at the Guernsey County Jail in 2003. According to Schleining, Josh Underwood admitted to being responsible for the double homicide to which Mitchell had *Page 5 
pleaded guilty, and further that Josh Underwood admitted to successfully evading prosecution for those homicides.
 {¶ 15} On March 23, 2007, the State filed a memorandum contra, and attached affidavits from two Guernsey County deputy sheriffs who stated that Josh Underwood was "kept in the holding cell area during the entire time spent in jail" in 2003, and "was not introduced into the general population." Thus, the State's theory was that Schleining could not have had conversations with Underwood, as Schleining had claimed, while incarcerated at the Guernsey County Jail in 2003.
 {¶ 16} On March 27, 2007, the trial court denied Appellant's second motion to withdraw his guilty plea without conducting an evidentiary hearing, and on April 18, 2007, Appellant filed a timely direct appeal to this Court from the trial court's decision.
 {¶ 17} Appellant now brings this cause before this Court seeking a reversal of the trial court's decision denying his motion to withdraw his guilty plea, and a remand of this case for a new trial, or a remand of this case for an evidentiary hearing on his claims.
 {¶ 18} Appellant assigns the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 19} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED MITCHELL LEAVE TO WITHDRAW HIS GUILTY PLEA, BECAUSE MITCHELL'S PLEA WAS NOT VOLUNTARILY MADE. THIS ERROR DEPRIVED MITCHELL OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS OF LAW. FIFTH ANDFOURTEENTH AMENDMENTS, UNITED STATES CONSTITUTION; SECTIONS 10 AND 16, ARTICLE I, OHIO CONSTITUTION. *Page 6 
 {¶ 20} "II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED MITCHELL'S MOTION TO WITHDRAW HIS GUILTY PLEA. THIS ERROR DEPRIVED MITCHELL OF HIS FEDERAL AND STATE CONSTITUTIONAL RIGHTS TO DUE PROCESS OF LAW. FIFTH AND FOURTEENTH AMENDMENTS, UNITED STATES CONSTITUTION; SECTIONS 10 AND 16, ARTICLE I, OHIO CONSTITUTION.
 {¶ 21} "III. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SUMMARILY DENIED MITCHELL'S MOTION TO WITHDRAW HIS GUILTY PLEA WITHOUT CONDUCTING AN EVIDENTIARY HEARING ON HIS CLAIMS. THIS ERROR DEPRIVED MITCHELL OF HIS FEDERAL AND STATE CONSTITUTIONAL RIGHTS TO DUE PROCESS OF LAW. FIFTH
AND FOURTEENTH AMENDMENTS, UNITED STATES CONSTITUTION; SECTIONS 10 AND16, ARTICLE I, OHIO CONSTITUTION."
 {¶ 22} In each of his assignments of error, Appellant challenges the trial court's denial of his motion to withdraw his guilty plea.
 {¶ 23} Ohio Crim. R. 32.1 governs the withdrawal of guilty pleas and provides:
 {¶ 24} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 25} This rule has been interpreted to allow the liberal withdrawal of pre-sentence guilty pleas. State v. Xie (1992), 62 Ohio St.3d 521,526, 584 N.E.2d 715. Although, as the Supreme Court noted inXie, "[o]ne who enters a guilty plea has no *Page 7 
right to withdraw it." Id. Withdrawal of plea after sentencing is available only to correct a "manifest injustice."
 {¶ 26} A reviewing court will not disturb a trial court's decision whether to grant a motion to withdraw a plea absent an abuse of discretion. State v. Caraballo (1985), 17 Ohio St.3d 66, 477 N.E.2d 627. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140.
 I. {¶ 27} In his first assignment of error, appellant argues that the trial court erred in denying him leave to withdraw his guilty plea as having been involuntarily made. More specifically, Appellant argues that the trial court's failure to empanel a three-judge panel to hear the plea rendered his plea involuntary. We disagree.
 {¶ 28} In support of his argument, Appellant relies on the case ofState v. Parker (2002), 95 Ohio St.3d 524. In Parker, the defendant was charged with aggravated murder with a felony-murder specification. In exchange for a plea of guilty, the State agreed not to seek the death penalty. The indictment, however, was not amended. The defendant waived his right to a jury trial and his guilty plea was accepted by a single judge. The Supreme Court in Parker held that, notwithstanding the fact that the State had agreed not to pursue the death penalty, a single trial judge lacked authority to accept the defendant's guilty plea. Id.
 {¶ 29} In reaching its conclusion, the Parker court relied exclusively upon R.C. § 2945.06 and Crim.R. 11(C)(3). R.C. § 2945.06 requires that where the accused is *Page 8 
charged with an offense punishable by death and has waived a jury trial, the trial must be held to a panel of three judges. Crim.R. 11(C)(3) requires a panel of three judges to accept a plea of guilty or no contest to a charge of aggravated murder with specifications.
 {¶ 30} In Parker, the court concluded that these two provisions "clearly establish that in a capital case where a criminal defendant has waived the right to a trial by jury, a three-judge panel is required" even where the death penalty is no longer an available sentencing option. Id.
 {¶ 31} In Collier v. Gansheimer, Ashtabula App. No. 2001-A-0087, 2002-Ohio-1054, the Eleventh Appellate District persuasively reasoned:
 {¶ 32} "Although courts have ruled that the failure to abide by R.C.2945.06 * * * [is a] `jurisdictional' defect, there are different types of jurisdiction: personal jurisdiction, subject matter jurisdiction, territorial jurisdiction and jurisdiction of the particular case. Subject matter jurisdiction defines the power of the court over classes of cases it may or may not hear. The power to declare a judgment void for lack of subject matter jurisdiction is a function of whether or not the subject case falls within the class of cases over which the court has subject matter jurisdiction. Pursuant to R.C. 2931.03, the court of common pleas has subject matter jurisdiction of criminal cases. Thus, the trial judge had subject matter jurisdiction over aggravated murder cases.
 {¶ 33} * * *
 {¶ 34} But unlike subject matter jurisdiction, defects in jurisdiction of the particular case render the judgment merely voidable, not void." Id. *Page 9 
 {¶ 35} As the Ohio Supreme Court ruled in State v. Filiaggi,86 Ohio St.3d 230, 1999-Ohio-99 :
 {¶ 36} "Where it is apparent from the allegations that the matter alleged is within the class of cases in which a particular court has been empowered to act, jurisdiction is present. Any subsequent error in the proceedings is only error in the `exercise of jurisdiction,' as distinguished from the want of jurisdiction in the first instance.
 {¶ 37} * * *
 {¶ 38} "In cases where the court has undoubted jurisdiction of thesubject matter, and of the parties, the action of the trial court, though involving an erroneous exercise of jurisdiction, which might be taken advantage of by direct appeal, or by direct attack, yet the judgment or decree is not void though it might be set aside for the irregular or erroneous exercise of jurisdiction if appealed from. It maynot be called into question collaterally." Id. at 240, 714 N.E.2d 867, internal cites omitted, emphasis in original.
 {¶ 39} While Appellant argues that, had a three-judge panel evaluated the facts of the case and found him guilty of an offense lesser than aggravated murder, such three-judge panel may have sentenced him to a shorter prison term than the forty-year sentence imposed by the trial court, his argument ignores the fact that the forty-year sentence imposed was a part of his negotiated plea agreement. Without explicit agreement to a forty-year-to-life prison sentence, it is pure conjecture that the State would have extended the plea offer at all. We cannot say in hindsight that the plea agreement Appellant negotiated was a bad one, in view of the fact that, the procedural violation of Crim.R. 11(C)(3) and R.C. 2945.06 notwithstanding, the plea hearing was perfect in terms of notifying Appellant of the constitutional rights he was giving up in *Page 10 
pleading guilty, and he unambiguously indicated the voluntary, intelligent and knowing nature of his plea. We therefore find that this case does not come within the "extraordinary" category of cases for which vacating a guilty plea is made necessary by manifest injustice in the results of the plea.
 {¶ 40} Additionally, as the above case law demonstrates, the proper way to challenge a plea predicated on an error under R.C. 2945.06, without factual considerations of prejudice to a defendant, is a direct appeal. Appellant has or had an adequate remedy at law to rectify any asserted error on those grounds.
 {¶ 41} Appellant's first assignment of error is overruled.
 II., III. {¶ 42} We shall address Appellant's second and third assignment of error together as they are interrelated.
 {¶ 43} In his second assignment of error, Appellant argues that his plea was not made voluntarily and that the trial court's denial of his motion to withdraw was an abuse of discretion. In his third assignment of error, Appellant argues that it was error for the trial court to deny his motion to withdraw without first holding an evidentiary hearing. We disagree.
 {¶ 44} Crim.R. 32.1 governs the withdrawal of a guilty plea. It provides:
 {¶ 45} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." *Page 11 
 {¶ 46} This Court will not reverse the decision of the trial court absent an abuse of discretion. Abuse of discretion connotes more than simply an error in judgment; the court must act in an unreasonable, arbitrary, or unconscionable manner. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 47} Although a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of a guilty plea if the request is made before sentencing, the same is not true if the request is made after the trial court has already sentenced the defendant. Id. In those situations where the trial court must consider a post-sentence motion to withdraw a guilty plea, a hearing is only required if the facts alleged by the defendant, and accepted as true, would require withdrawal of the plea. Id.
 {¶ 48} Furthermore, "[b]efore sentencing, the inconvenience to court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interest in protecting the right of the accused to trial by jury. But if a plea of guilty could be retracted with ease after sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. * * * " State v. Peterseim (1980), 68 Ohio App.2d 211, 213, 428 N.E.2d 863, quoting Kadwell v.United States (C.A.9, 1963), 315 F.2d 667.
 {¶ 49} Importantly, "an undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." State v.Bush, 96 Ohio St.3d 235, 2002-Ohio-3393. See also State v.Copeland-Jackson, Ashland App. No. 02COA018, 2003-Ohio-1043 ([t]he length of *Page 12 
passage of time between the entry of a plea and a defendant's filing of a Crim.R. 32.1 motion is a valid factor in determining whether a "manifest injustice" has occurred.)
 {¶ 50} As stated above, a trial court is vested with sound discretion to grant or deny a post-sentence motion for withdrawal of a plea.State v. Pearson, 11th Dist. Nos. 2002-G-2413 and 2002-G-2414,2003-Ohio-6962, at ¶ 7. In reaching its decision, a trial court has the discretion to determine the "good faith, credibility and weight of the movant's assertions * * *." State v. Caraballo (1985), 17 Ohio St.3d 66,67.
 {¶ 51} An evidentiary hearing on a post-sentence motion to withdraw a guilty plea "is not required if the facts as alleged by the defendant, and accepted as true by the court, would not require that the guilty plea be withdrawn." State v. Patterson, Stark App. No. 2003CA00135,2004-Ohio-1569 (citing State v. Blatnik (1984), 17 Ohio App.3d 201, 204,478 N.E.2d 1016). However, generally, a self-serving affidavit or statement is insufficient to demonstrate manifest injustice.Patterson, supra (citing State v. Laster, Montgomery App. No. 19387, 2003-Ohio-1564).
 {¶ 52} Turning to the case sub judice, Appellant argues that the trial court abused its discretion and erred by denying his motion to withdraw his plea without a hearing. According to Appellant, there exists a manifest injustice necessitating withdrawal of his plea based on his presentation of evidence of his innocence to the trial court. We will briefly review such evidence. Upon filing his motion to withdraw his plea, Appellant bore the burden to supply a reasonable and legitimate basis for withdrawing the plea.
 {¶ 53} As set forth above in the recitation of the statement of the facts and case, the evidence in this case was an affidavit by one Jacob Schleining attached to *Page 13 
Appellant's motion. In said affidavit Schleining attested to engaging in a conversation with Josh Underwood, the son of Thomas Underwood and the grandson of Vera Crosby, while both he and Underwood were incarcerated at the Guernsey County Jail in 2003. According to Schleining, Underwood admitted to being responsible for the double homicide to which Appellant had pleaded guilty, and further that Underwood admitted to successfully evading prosecution for those homicides.
 {¶ 54} Appellant offered no corroboration to said Affidavit.
 {¶ 55} In its response to said motion, the State of Ohio attached affidavits from two sheriffs deputies who stated that Josh Underwood was "kept in the holding cell area during the entire time spent in jail" in 2003, and "was not introduced into the general population."
 {¶ 56} Based on such affidavits, we cannot find that the trial court abused its discretion in finding that Schleining could not have had conversations with Underwood, as Schleining had claimed, while incarcerated at the Guernsey County Jail in 2003.
 {¶ 57} Upon review, we therefore find that the trial court did not abuse its discretion when it denied Appellant's Motion, nor in failing to hold a hearing on Appellant's motion to withdraw his guilty plea.
 {¶ 58} Appellant further argues manifest injustice exists because his guilty plea was not knowingly, voluntarily or intelligently made as required by Criminal Rule 11, due to the alleged ineffective assistance of his trial counsel. Specifically, Appellant argues that his lawyer was deficient in not advising him of his right to have his plea taken by a three-judge panel. *Page 14 
 {¶ 59} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether Appellant was prejudiced by counsel's ineffectiveness. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 60} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, supra at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, there is a strong presumption that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 61} Appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." State v. Carter (1995),72 Ohio St.3d 545, 558 (citing Lockhart v. Fretwell (1993), 506 U.S. 364, 370,113 S.Ct. 838, 122 L.Ed.2d 180). Further, both the United States Supreme Court and the Ohio Supreme Court have held that a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley, supra. at 143 (quotingStrickland, supra. at 697). *Page 15 
 {¶ 62} Upon review of the record, we find that Appellant failed to demonstrate he suffered prejudice as a result thereof. Accordingly, Appellant has not met his burden of proving a manifest injustice resulting from the trial court's denial of his motion to withdraw his guilty plea.
 {¶ 63} Furthermore, where a defendant fails to directly appeal a conviction, a claim of ineffective assistance of trial counsel in a Crim.R. 32.1 motion to withdraw a guilty plea is barred by the doctrine of res judicata.
 {¶ 64} Under the doctrine of res judicata, " * * *a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment."State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus.
 {¶ 65} This appeal from the denial of Appellant's Crim.R. 32.1 motion is his first attempt to assert any ineffective assistance of counsel claim relative to the representation he received in trial court proceedings with regard to failure to empanel a three judge panel. As such, we cannot evaluate this claim as such is res judicata.
 {¶ 66} Lastly, Appellant argues that the trial court failed to advise him of his constitutional rights in violation of Crim. R. 11.
 {¶ 67} Crim.R.11 sets forth the procedure which a trial court must follow in accepting a guilty plea. Crim.R.11(C)(2) states, in pertinent part, as follows:
 {¶ 68} "In felony cases, the court may refuse to accept a plea of guilty * * * and shall not accept such plea without first addressing the defendant personally and: *Page 16 
 {¶ 69} "(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 {¶ 70} "(b) Informing him of and determining that he understands the effect of his plea of guilty * * * and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 71} "(c) Informing him and determining that he understands that, by his plea, he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the State to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."
 {¶ 72} If the record indicates that the trial court substantially complied with the above requirements of Crim.R. 11, the plea will not be set aside. State v. Ballard (1981), 66 Ohio St.2d 473, 423 N.E.2d 115.
 {¶ 73} We have reviewed the colloquy between the trial court and Appellant at the change of plea hearing. The trial court properly addressed Appellant and advised him of his constitutional rights, the contents of the negotiated plea agreement, the maximum penalty, the fact a prison sentence would be imposed and further determined Appellant had been advised of these items by his attorney as well.
 {¶ 74} At the conclusion of the hearing, the trial court made a finding Appellant had entered his plea knowingly, intelligently, and voluntarily with the advice of counsel. Appellant avoided the possibility of a death penalty by entering this plea, and it appears *Page 17 
from the record, that Appellant fully understood the ramifications of entering his plea. Additionally, this is also evidenced by Appellant's execution of a written plea form.
 {¶ 75} Based on the foregoing, we find that the trial court substantially complied with Crim.R. 11.
 {¶ 76} Appellant's second and third assignments of error are overruled.
 {¶ 77} For the foregoing reasons, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is affirmed.
By: Wise, J.
Farmer, P. J., concurs.
 Edwards, J., concurs in part and dissents in part. *Page 18