[Cite as *State v. Martin*, 2012-Ohio-4394.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. 11CA0116 |
| CARLOS MARTIN | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Richland County Common
                             Pleas Court, Case No. 09 CR 0162


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      September 24, 2012


APPEARANCES:


For Plaintiff-Appellee              For Defendant-Appellant


JAMES J. MAYER, JR.                 BRIAN G. JONES
PROSECUTING ATTORNEY                The Law Office of Brian Jones
RICHLAND COUNTY, OHIO               2211 U.S. Higway 23 North
                                    Delaware, Ohio 43015
BY: JILL M. COCHRAN
Assistant Richland County Prosecutor
38 South Park Street
Mansfield, Ohio 44902

*Hoffman, P.J.*

{¶1}   Defendant-appellant Carlos Martin appeals the November 8, 2011 Order entered by the Richland County Court of Common Pleas, which overruled his motion to withdraw guilty plea. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On July 15, 2008, while Appellant was an inmate at the Richland County Correction Institution, his girlfriend, Rochelle Carter, brought marijuana into the facility with the intent to deliver the same to Appellant during an inmate visitation.   Prison officials stopped Carter prior to the visit and found eight balloons filled with marijuana concealed in her mouth and bra. Carter admitted she had engaged in this behavior on three other occasions, and indicated the drugs had been given to her by Appellant's brother.

{¶3}   On March 6, 2009, the Richland County Grand Jury indicted Appellant on one count of aiding and abetting illegal conveyance of drugs of abuse on grounds of a detention facility, in violation of R.C. 2921.39(A)(2), a felony of the third degree. Appellant appeared for arraignment on April 2, 2009, and entered a plea of not guilty to the charge.  Although the trial court originally scheduled the matter for jury trial on July 9, 2009, the trial was continued and rescheduled at least seven times due to the trial court's trial schedule as well as the unavailability of witnesses for both sides, with the final trial date being June 17, 2010.

{¶4}   During jury voir dire, Attorney Edward LaRue, Appellant's trial counsel, approached the bench and informed the trial court Appellant wished to enter a guilty plea.  The trial court retired to chambers with the prosecutor, Attorney LaRue, and

Appellant. The trial court commenced a Crim. R. 11 colloquy with Appellant. Appellant advised the trial court he had taken the prescription drug, Paxil, that morning, but, after further discussion, indicated the drug did not affect his ability to think clearly. The trial court noted Appellant did not appear to be under the influence. The trial court completed the Crim. R. 11 colloquy then provided Appellant and his attorney with an opportunity to review the change of plea form. Appellant ultimately executed the change of plea form and entered a plea of guilty. The trial court accepted the plea, found Appellant guilty, and sentenced him to a four year term of incarceration. Appellant did not file a direct appeal.

{¶5} On October 10, 2011, Appellant filed a motion to withdraw guilty plea. Therein, Appellant asserted he should be permitted to withdraw his guilty plea as such was not made knowingly and intelligently due to several adverse circumstances at the time of the plea, including the fact he had taken a prescription medication with the potential side effect of depression-like symptoms.

{¶6} Via Judgment Entry filed November 8, 2011, the trial court overruled Appellant's motion to withdraw guilty plea. The trial court found Appellant failed to demonstrate a manifest injustice would occur should he not be permitted to withdraw his plea. The trial court cited extensive portions of the change of plea hearing to establish the flaws of Appellant's arguments.

{¶7} It is from this judgment entry Appellant appeals, raising as his sole assignment of error:

**{¶8}** "I. THE TRIAL COURT ABUSED ITS DISCRETION TO THE PREJUDICE OF CARLOS MARTIN WHEN IT OVERRULED HIS MOTION TO WITHDRAW GUILTY PLEA WITHOUT A HEARING."

I

**{¶9}** Herein, Appellant contends the trial court abused its discretion in overruling his motion to withdraw guilty plea without a hearing because he was taking a prescription medication which affected his ability to make a knowing and voluntary plea. We disagree.

**{¶10}** A motion to withdraw a guilty plea is governed by the standards set forth in Crim.R. 32.1, which provides:

> "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

**{¶11}** "Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Williams,* 10th Dist. No. 03AP–1214, 2004–Ohio–6123, ¶ 5. " '[I]t is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases.' " *State v. Gripper,* 10th Dist. No. 10AP–1186, 2011–Ohio–3656, ¶ 7, quoting *State v. Smith,* 49 Ohio St.2d 261, 264 (1977). A defendant seeking to withdraw a post-sentence guilty plea bears the burden of establishing manifest injustice based on specific facts either contained in the record or supplied through affidavits attached to the motion. *State v. Orris,* 10th Dist. No. 07AP–390, 2007–Ohio–6499.

**{¶12}** A trial court is not automatically required to hold a hearing on a post-sentence motion to withdraw a plea of guilty. A hearing must only be held if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea. *Williams,* supra at ¶ 6, citing *State v. Kent,* 10th Dist. No. 03AP–722, 2004–Ohio–2129, ¶ 8.

**{¶13}** A trial court's decision to deny a post-sentence motion to withdraw a plea of guilty and the decision whether to hold a hearing on the motion are subject to review for abuse of discretion. *Smith,* supra. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983).

**{¶14}** In deciding a Crim.R. 32.1 motion, the good faith, weight, and credibility of a moving party's assertions are a matter for resolution by the trial court. *Smith,* supra. Thus, the trial court has great discretion in assessing the credibility of affidavits used to support a Crim.R. 32.1 motion. *State v. Roberts,* 8th Dist. No. 93439, 2010–Ohio–1436. We note Appellant's motion to withdraw his guilty pleas was filed almost 16 months after his sentencing. Although not dispositive on its own, "[a]n undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *Smith,* supra at paragraph three of the syllabus.

**{¶15}** Appellant asserts he should be permitted to withdraw his guilty plea because such was not entered knowingly and voluntarily. The following dialogue during the June 17, 2010 Change of Plea Hearing belies Appellant's assertion.

**{¶16}** "The Court: Before you were brought here to court this morning, have you had any medicine or anything that would interfere with your clear thinking?

**{¶17}** "The Defendant: I just take Paxil.

**{¶18}** "The Court: Does that make you feel fuzzy headed?

**{¶19}** "The Defendant: It is like a depression…

**{¶20}** "The Court: Antidepressant?

**{¶21}** "The Defendant: Yeah.

**{¶22}** "The Court: Okay.  Well, I am asking you that, because I want to be sure that you are clear headed enough to make decisions about your life.  Do you feel clear headed this morning?

**{¶23}** "The Defendant: Everything just came at me, so I just - - I just learned…

**{¶24}** "The Court: I understand that you just learned they got letters that you wrote during January and February, I guess it was.  Other than you have some difficult decisions to make, what I am asking you is, is there anything about this Paxil you take or anything you ingested that would keep you from thinking clearly because of the drugs you took?

**{¶25}** "The Defendant: No.  I am not…  No.  Right now I am just baffled.

**{¶26}** "The Court: Okay.

**{¶27}** "Mr. LaRue: You are overwhelmed.  Is that fair to say?  But the question that the judge is asking - - and I am sorry, but I believe the question the judge is asking you is:  Are you of sound mind?  Do you understand what is going on?  Do you know you are in a courtroom at Richland County Common Pleas Court, Judge DeWeese's court specifically, and that you are set to go to trial?  We have a jury out there, and you

are confronted now with that.  I understand you are wishing to change your plea.  Is that right, Carlos?

**{¶28}** "The Defendant: I don't - - I don't uhm, I don't want to stand no chance of getting the maximum time at all if I go to trial.

**{¶29}** "Mr. LaRue: Well, the judge would make a decision, no matter what, on punishment, whether you go to trial or whether you enter a plea.  * * * Do you understand?  You understand what you are doing?

**{¶30}** "The Defendant: Yeah.

**{¶31}** "Mr. LaRue: Yes?

**{¶32}** "The Defendant: Yeah.

**{¶33}** "* * *

**{¶34}** "Mr. LaRue: Carlos, do you know what is going on and what you are doing?

**{¶35}** "The Defendant: I am seeing what is about to happen to me.

**{¶36}** "Mr. LaRue: Okay.  And that is of your own free will?  You do that of your own free choice?

**{¶37}** "The Defendant: Yes.

**{¶38}** "The Court: The reason we are asking these questions, Mr. Martin, is , if you are not, if you are not understanding what is going on, then I can't take a plea from you.  That doesn't stop us from going ahead with the trial.  But, I can't take a plea from you if you are saying that you are so perplexed that you can't understand what you are doing.  Do you understand what you are doing?

**{¶39}** "The Defendant: Yes.

**{¶40}** "The Court: Just sitting and looking at you, I don't think that there is anything wrong with you, other than you are upset with the situation you are in. But, I mean, you are coherent. You don't have any trouble walking around. You have no trouble moving. You appear to understand what I am saying.

**{¶41}** "The Defendant: Yes.

**{¶42}** "The Court: I see intelligence in your eyes. I don't see there is a problem. So I am assuming that is the case then, and we will proceed.

**{¶43}** "* * *

**{¶44}** Tr. June 17, 2010 Change of Plea at 5-8.

**{¶45}** We find the record clearly establishes Appellant was not coerced in any manner into entering his plea and understood what he was doing. Although he may have wished for additional time to ponder the decision, there is no evidence of duress or lack of a clear mind. Appellant's feelings of bafflement are not due to his taking Paxil, but rather due to the fact Appellant had just learned the State had new evidence which could potentially be the basis for additional charges against him. We find no abuse of discretion in the trial court's denial of Appellant's motion to withdraw guilty plea.

{¶46} Appellant's sole assignment of error is overruled.  The decision of the Richland County Court of Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J.  and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                  :
                                               :
    Plaintiff-Appellee                         :
                                               :
-vs-                                           :                JUDGMENT ENTRY
                                               :
CARLOS MARTIN                                  :
                                               :
    Defendant-Appellant                        :                Case No. 11CA0116


For the reasons stated in our accompanying Opinion, the decision of the

Richland County Court of Pleas is affirmed.  Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS