[Cite as *State v. Dull*, 2020-Ohio-4229.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J |
| Plaintiff-Appellee | : | Hon..Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2019CA00158 |
| DAVID KENNETH DULL, JR. | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Criminal appeal from the Stark County
                             Court of Common Pleas, Case No. 1993-
                             CR-3870(B)

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       August 27, 2020

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JOHN D. FERRERO                       WILLIAM NORMAN
Stark County Prosecutor               600 Granger Road, 2nd Floor
BY: RONALD MARK CALDWELL              Brooklyn, OH 44131
Assistant Prosecutor
110 Central Plaza South
Canton, OH  44702

*Gwin, P.J.*

{¶1}　Appellant David Dull appeals the September 23, 2019 judgment entry of the Stark County Court of Common Pleas overruling his motion to withdraw plea. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2}　In 1993, Diane Patterson ("Patterson"), the manager of a Red Lobster restaurant, died as a result of a gunshot wound to the head and stab wounds. $2,500 was taken from the safe in the restaurant. Appellant was a former employee at the restaurant. During the investigation, Kenneth Souders ("Souders") alleged that appellant shot and killed Patterson, while appellant alleged that Souders shot and killed Patterson.

{¶3}　The Stark County Grand Jury returned an indictment that charged appellant and Souders with the following: aggravated murder (R.C. 2903.01(A)) with a death penalty specification and firearm specification; aggravated murder (R.C. 2903.01(B)) with a death penalty specification and firearm specification; aggravated robbery with a firearm specification; and aggravated burglary with a firearm specification. Both appellant and Souders were charged as principal offenders and as accomplices.

{¶4}　Appellant opted to plead guilty to the charges and accepted a plea offer from appellee that precluded the death penalty in exchange for a life sentence and for appellant's truthful testimony at Souders' trial. The plea form that appellant signed on April 11, 1994 provides that, pursuant to Criminal Rule 11(F), appellant and appellee entered into the following agreement, "in exchange for my full and truthful cooperation with the State of Ohio in the prosecution of the co-defendant, Kenneth G. Souders, I will

receive a sentence other than death, specifically outlined below." The specific sentence for each count and specification was detailed in the plea form.

{¶5} Upon pleading guilty, appellant received the following sentence pursuant to the plea agreement: aggravated murder – life imprisonment with parole eligibility after serving 20 years; aggravated murder – life imprisonment with parole eligibility after 20 years; aggravated robbery – indeterminate term of imprisonment of 10 to 25 years; aggravated burglary – indeterminate term of imprisonment of 10 to 25 years; and firearm specifications – 3 years actual incarceration for each. The trial court imposed the sentences concurrently with each other, and the four three-year terms for the firearm specifications were imposed concurrently with each other, but consecutive to the concurrent sentences for the other offenses. Appellant's aggregate prison term was a term of life imprisonment with parole eligibility after serving 23 years.

{¶6} A single judge accepted appellant's plea and sentenced appellant.

{¶7} Appellant filed a pro se motion to withdraw guilty plea on October 10, 2018, requesting the trial court allow him to withdraw his guilty plea "to correct a manifest injustice." Appellant argued in this motion that a manifest injustice exists in this case for the following reasons: the trial court lacked jurisdiction to accept his plea of guilty because there was not a three-judge panel as required by R.C. 2945.06 and Criminal Rule 11(C)(3); the trial court was improperly involved in the plea negotiations; there is newly-discovered evidence that Souders confessed to another prisoner that he stabbed, shot, and killed Patterson; and ineffective assistance of counsel.

{¶8} On May 23, 2019, appellant filed a motion to supplement his motion to withdraw plea with his own affidavit. In his affidavit, appellant avers that no one advised

him of his right to have his guilty pleas determined by a three-judge panel and thus his plea was not knowingly, intelligently, and voluntarily made. Appellee filed a response to the motion on July 12, 2019. Appellant filed a reply on August 23, 2019.

{¶9} On September 23, 2019, the trial court denied appellant's motion to withdraw plea. The trial court found that appellant, "fails to make the required showing of manifest injustice under Crim.R. 32.1." Specifically, the trial court overruled appellant's argument as to the three-judge panel and his associated ineffective assistance of counsel claim, finding that: the guilty plea was entered into as part of a negotiated plea agreement that spared appellant from facing the death penalty; pursuant to *State v. Griffin*, the procedures pertaining to capital pleas were not applicable; and appellant's remedy was a direct appeal, which appellant never utilized. As to appellant's remaining arguments, the trial court found them to be without merit and based upon a misunderstanding of accomplice liability in Ohio.

{¶10} Appellant appeals the September 23, 2019 judgment entry of the Stark County Court of Common Pleas and assigns the following as error:

{¶11} "I. THE TRIAL COURT ERRED IN DENYING WITHOUT HEARING APPELLANT'S RULE 32.1 MOTION TO WITHDRAW GUILTY PLEA WHERE APPELLANT'S CLAIM, THAT INEFFECTIVE ASSISTANCE OF COUNSEL RENDERED HIS GUILTY PLEA UNCONSTITUTIONAL AS NOT KNOWINGLY AND INTELLIGENTLY ENTERED ACCEPTED AS TRUE, ENTITLED HIM TO VACATURE OF HIS GUILTY PLEA AND CONVICTION."

I.

{¶12} In his assignment of error, appellant contends the trial court committed error in denying his motion to withdraw plea without a hearing. Specifically, appellant contends that since a manifest injustice may result where ineffective assistance of counsel renders a defendant's plea not knowingly and intelligently entered, the trial court erred in denying his motion based upon his ineffective assistance claim. Appellant argues his trial counsel was deficient in not advising him of his right to have his plea taken by a three-judge panel.

*Criminal Rule 32.1*

{¶13} Criminal Rule 32.1 governs the withdrawal of a guilty plea and states that, "a motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977).

{¶14} The defendant bears the burden of proving "manifest injustice." *Id*. Whether the defendant has sustained that burden is within the sound discretion of the trial court and we review the trial court's decision for an abuse of discretion. *Id.* In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). Further, an "undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the

filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and mitigating against the granting of the motion." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977).

{¶15} Under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *State v. Williams*, 5th Dist. Tuscarawas No. 2013 AP 04 0020, 2014-Ohio-5727. A manifest injustice has been defined as a "clear or openly unjust act." *State v. Congrove*, 5th Dist. Delaware No. 09CA090080, 2010-Ohio-2933, quoting *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 699 N.E.2d 2983 (1998). "A manifest injustice comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through any form of application reasonably available to him." *State v. Williams*, 5th Dist. Tuscarawas No. 2013 AP 04 0020, 2014-Ohio-5727.

*Ineffective Assistance of Counsel*

{¶16} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel was ineffective, i.e., whether counsel's performance fell below an objective standard of reasonable representation and violative of any of his or her essential duties to their client. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.*

{¶17} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test, whether the defense was

actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect.  *Id.*  This requires a showing that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different.  *Id.*

*R.C. 2945.06 and Criminal Rule 11(C)(3)*

{¶18}  In order to determine whether the trial court committed error in denying his motion to withdraw based upon his ineffective assistance of counsel claim, we must examine R.C. 2945.06, Criminal Rule 11(C)(3), and the associated caselaw existing at the time appellant entered his plea.

{¶19}  R.C. 2945.06 provides, "if the accused pleads guilty of aggravated murder, a court composed of three judges shall examine the witnesses, determine whether the accused is guilty of aggravated murder or any other offense, and pronounce sentence accordingly."  Pursuant to Criminal Rule 11(C)(3), with respect to aggravated murder,

> If the indictment contains one or more specifications that are not dismissed upon acceptance of a plea of guilty or no contest to the charge, or if pleas of guilty or no contest to both the charge and one or more specifications are accepted, a court composed of three judges shall: (a) determine whether the offense was aggravated murder or a lesser offense; and (b) if the offense is determined to have been a lesser offense, impose sentence accordingly, or (c) if the offense is determined to have been aggravated murder, proceed as provided by law to determine the presence or absence of the specified aggravating circumstances and of mitigating circumstances, and impose sentence accordingly.

**{¶20}** Appellant contends that because the trial court failed to convene a three-judge panel in accordance with R.C. 2945.06 and Criminal Rule 11(C)(3), his plea was not knowingly and intelligently made. Appellant argues that if the proper three-judge panel procedure was utilized, it could have resulted in a finding of guilt of a lesser offense than aggravated murder and may have resulted in a substantially different sentence.

**{¶21}** Appellant cites the Ohio Supreme Court's case of *State v. Parker* in support of his argument. 95 Ohio St.3d 524, 2002-Ohio-2833, 769 N.E.2d 846. In *Parker*, the Ohio Supreme Court held that a defendant charged with a crime punishable by death who has waived his right to a jury trial must, pursuant to R.C. 2945.06 and Criminal Rule 11(C)(3), have his case heard and decided by a three-judge panel even if the State agrees that it will not seek the death penalty.

**{¶22}** However, at the time of appellant's plea, *Parker* had not yet been decided and the law in this district was established by *State v. Griffin*, 73 Ohio App.3d 546, 597 N.E.2d 1178 (5th Dist. 1992), in which we held that the trial court was not required to follow death penalty procedures where the State of Ohio agreed not to request the death penalty. At the time of appellant's plea, the caselaw in this district established that when a defendant agreed to forego his right to a jury trial in exchange for the prosecutor's agreement not to pursue the death penalty, the case could be heard by a single judge. *Id.* The *Griffin* case was not overruled by *Parker* until 2002.

**{¶23}** Thus, based upon the caselaw at the time of appellant's plea, and at the time appellant would have appealed his sentence, the failure to convene a three-judge panel was not reversible error and Ohio law provided that special procedural protections associated with a capital offense were required only when the death penalty could be

imposed. *State v. Griffin*, 138 Ohio St.3d 108, 2013-Ohio-5481, 4 N.E.3d 989; *Ahart v. Bradshaw*, 122 Fed.Appx. 188 (6th Cir. 2005). "That this law may have changed a decade or more later does not justify * * * abandoning the law in place and the convictions based on it at the time of trial" and the fact that the law may have changed in 2002 does not mean appellant had a valid ground for appeal in 1994. *Id.*

{¶24} With regard to appellant's ineffective assistance of counsel argument, we find that counsel's performance did not fall below an objective standard of reasonable representation and counsel did not violate any of their essential duties to appellant because, as detailed above, at the time of appellant's plea, the caselaw in this district established that when a defendant agreed to forego his right to a jury trial in exchange for the prosecutor's agreement not to pursue the death penalty, the case could be heard by a single judge. At the time appellant would have appealed his sentence, the failure to convene a three-judge panel was not reversible error. This caselaw was not overruled until eight years after appellant's plea. The law presumes competence on trial counsel's part. *State v. Lott*, 51 Ohio St.3d 160, 555 N.E.2d 293 (1990); *State v. Hurt*, 5th Dist. Muskingum No. CT2019-0053, 2020-Ohio-2754. Trial counsel could not have predicted the holding in *Parker* eight years before its issuance.

{¶25} The trial court additionally overruled appellant's motion to withdraw because the proper remedy for his claims was a direct appeal. We agree.

{¶26} Subsequent to *Parker*, the Supreme Court clarified that *Parker* does not stand for the proposition that a court lacks subject-matter jurisdiction in a death penalty case if it fails to convene a three-judge panel upon a defendant's waiver of a jury. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992.

{¶27} Rather, the Ohio Supreme Court has held that the failure to convene a three-judge panel to accept a guilty plea renders a judgment voidable, not void, and is properly challenged on direct appeal. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992; *State ex rel. Rash v. Jackson*, 102 Ohio St.3d 145, 2004-Ohio-2053, 807 N.E.2d 344; *State ex rel. Henry v. McMonagle*, 87 Ohio St.3d 543, 721 N.E.2d 1051 (2000). As stated in *Pratts v. Hurley*, the "failure to convene a three-judge panel to accept a guilty plea did not constitute a lack of subject-matter jurisdiction rendering the court's judgment void ab initio and subject to collateral attack. It constitutes an error in the court's exercise of jurisdiction and must be raised on direct appeal." *Id.* While the Supreme Court recognized that statutes require strict compliance, strict compliance is "reversible error on direct appeal; but after direct appeal, any error is, in effect, waived and cannot be remedied through collateral attack." *Id.* See also *State v. Heddleson*, 5th Dist. Stark No. 2011CA0178, 2011-Ohio-6875; *State v. Nooks*, 10th Dist. Franklin No. 10AP-108, 2010-Ohio-2982; *State v. Porterfield*, 11th Dist. Trumbull No. 2008-T-0002, 2008-Ohio-5948; *State v. Woods*, 8th Dist. Cuyahoga No. 82120, 2003-Ohio-2475.

{¶28} In this case, it was obvious at the time appellant entered his plea of guilty that a single judge accepted his plea and imposed sentence. Consequently, appellant's argument that his plea was not knowing and voluntary due to the lack of compliance with R.C. 2945.06 and Crim.R. 11(C)(3) constitutes an error that must have been raised on direct appeal. Though appellant pled guilty and was sentenced in 1994, he did not seek a direct appeal of his sentence.

{¶29} We find this case analogous to *State v. Mitchell*, 5th Dist. Guernsey No. 07 CA 17 2008-Ohio-101. Like the appellant in this case, Mitchell was charged with

aggravated murder. *Id.* Mitchell entered a negotiated plea and the trial court sentenced him to life in prison without parole eligibility for forty years. *Id.* Mitchell did not file a direct appeal from his sentence. *Id.* In his appeal of the trial court's denial of his motion to withdraw plea without holding a hearing, Mitchell argued the trial court's failure to empanel a three-judge panel to hear his plea in an aggravated murder case rendered his plea involuntary. *Id.* Additionally, Mitchell asserted manifest injustice existed because his guilty plea was not knowingly, voluntarily, or intelligently made as required by Criminal Rule 11(C)(3) due to the alleged ineffective assistance of his trial counsel because his trial counsel was deficient in not advising him of his right to have his plea taken by a three-judge panel. *Id.*

{¶30} We overruled Mitchell's assignments of error, finding that his argument "ignores the fact that the forty-year sentence imposed was part of his negotiated plea agreement" and finding the proper way to challenge a plea predicated on an error under R.C. 2545.06 is a direct appeal. *Id.* Additionally, as to Mitchell's ineffective assistance claim, we found Mitchell failed to demonstrate he suffered prejudice and thus did not meet his burden of proving a manifest injustice. *Id.*

{¶31} Similar to our analysis in *Mitchell*, we find the trial court in this case did not abuse its discretion in determining that appellant did not meet his burden to show manifest injustice. While appellant argues that, had a three-judge panel evaluated the facts of the case and found him guilty of an offense lesser than aggravated murder and the panel may have sentenced him to a shorter prison term, his argument ignores the fact that the sentence imposed by the trial court was part of his negotiated plea agreement. *Id.* As we noted in *Mitchell*, without explicit agreement to the sentence, it is "pure conjecture that

the State would have extended the plea offer at all." *Id.*; *State v. Woods*, 8th Dist. Cuyahoga No. 82120, 2003-Ohio-2475; *State v Nelson*, 10th Dist. Franklin No. 11AP-720, 2012-Ohio-1918.

{¶32} We cannot say in hindsight that the plea agreement was a bad one, despite the procedural violation of Criminal Rule 11(C)(3) and R.C. 2945.06. At the plea hearing and in the plea form, the trial court fully apprised appellant of the constitutional rights he was giving up in pleading guilty, and appellant unambiguously indicated the voluntary, intelligent, and knowing nature of his plea. As to appellant's ineffective assistance claim, like in *Mitchell*, we find appellant failed to demonstrate he suffered prejudice and counsel's performance did not fall below an objective standard of reasonable representation. Thus, there is no manifest injustice resulting from ineffective assistance of counsel. Absent a showing of manifest injustice, the trial court did not abuse its discretion in denying appellant's motion to withdraw guilty plea.

{¶33} Based on the foregoing reasons, we find the trial court did not abuse its discretion in denying the motion to withdraw plea. We find this case does not come within the extraordinary category of cases for which vacating a guilty plea is made necessary by manifest injustice in the results of the plea.

*Hearing*

{¶34} Appellant finally argues that the trial court committed error in not holding a hearing on his motion to withdraw.

{¶35} A trial court is not automatically required to hold a hearing on a post-sentence motion to withdraw guilty plea. *State v. Bable*, 5th Dist. Fairfield No. 18-CA-32, 2019-Ohio-1209. A hearing must only be held if the facts alleged by the defendant,

accepted as true, would require that the defendant be allowed to withdraw the plea. *State v. Harris*, 5th Dist. Coshocton No. 2013CA0013, 2014-Ohio-2633. Generally, a self-serving affidavit or statement is insufficient to demonstrate manifest injustice. *State v. Aleshire*, 5th Dist. Licking No. 2011-CA-73, 2012-Ohio-16.

{¶36} The decision whether to hold a hearing on a post-sentence motion to withdraw a guilty plea is left to the discretion of the trial court. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977). Therefore, this Court's review of the trial court's decision not to hold a hearing is limited to a determination of whether the trial court abused its discretion. *State v. Harris,* 5th Dist. Coshocton No. 2013CA0013, 2014-Ohio-2633. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶37} Appellant's motion to withdraw his guilty plea was filed almost 23 years after his plea and sentencing. Although not dispositive on its own, "[a]n undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Criminal Rule 32.1 is a factor adversely affecting the credibility of the movant and mitigating against the granting of the motion." *State v. Martin*, 5th Dist. Richland No. 11CA0116, 2012-Ohio-4394.

{¶38} In this case, we find the trial court did not abuse its discretion in ruling on appellant's motion to withdraw without conducting a hearing on the motion. In appellant's affidavit attached to his motion, he avers that no one advised him of his right to have his guilty pleas determined by a three-judge panel and thus his plea was not knowingly, intelligently, and voluntarily made. As detailed above, the allegations contained in the

motion concerning the lack of a three-judge panel are insufficient in this case to demonstrate a manifest injustice. Further, appellant's self-serving affidavit is insufficient to demonstrate a manifest injustice. *State v. Aleshire*, 5th Dist. Licking No. 2011-CA-73, 2012-Ohio-16. Finally, appellant's three-judge panel claim could have been raised on direct appeal which appellant chose not to pursue.

{¶39} Based on the foregoing, appellant's assignment of error is overruled.

{¶40} The September 23, 2019 judgment entry of the Stark County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Delaney, J., and

Wise, Earle, J., concur