[Cite as *State v. Martinez*, 2014-Ohio-898.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| State of Ohio, | : | |
| | | |
| Plaintiff-Appellee, | : | Nos. 12AP-852 |
| | | (C.P.C. No. 1oCR-1762) and |
| v. | : | 12AP-853 |
| | | (C.P.C. No. 10CR-1616) |
| Gregory J. Martinez, | : | |
| | | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 11, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

*Gregory J. Martinez*, pro se.

APPEALS from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Gregory J. Martinez ("appellant"), appeals pro se from a judgment of the Franklin County Court of Common Pleas denying his motions to vacate court costs and fines. Because we conclude that his arguments are barred by res judicata and that the trial court did not abuse its discretion by imposing court costs, we affirm.

{¶ 2} On January 11, 2011, appellant pled guilty to one count of felonious assault with a firearm specification and two counts of tampering with evidence in one criminal proceeding and pled guilty to one count of carrying a concealed weapon in another criminal proceeding in the same court. On February 16, 2011, the trial court conducted a sentencing hearing for both criminal cases. The trial court imposed a total sentence of 17 years of imprisonment on all of the charges. The court did not impose any fines as part of

appellant's sentences, but required him to pay court costs in an amount to be determined. Appellant did not file a direct appeal of the trial court's judgment in either case.

{¶ 3}   In August 2012, appellant filed motions to vacate court costs and fines in both cases. In these motions, appellant asserted that the trial court failed to notify him of the amount of the court costs at the sentencing hearing. The trial court denied appellant's motions to vacate court costs and fines, finding them to be without merit.

{¶ 4}   Appellant appeals from the trial court's judgment, assigning a single error for this court's review:

> FIRST ASSIGNMENT OF ERROR: ABUSE OF DISCRETION. TRIAL COURT FAILED TO HOLD A HEARING TO CONSIDER DEFENDANT'S ABILITY TO PAY COURT COST AND FINDS [sic].[1]

{¶ 5}   At the time of appellant's sentencing hearing, R.C. 2947.23(A)(1) provided as follows:

> In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs. At the time the judge or magistrate imposes the sentence, the judge or magistrate shall notify the defendant of both of the following:
>
> (a) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.
>
> (b) If the court orders the defendant to perform community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.

---

[1] Although appellant claims in his assignment of error that the trial court failed to consider his ability to pay fines, the trial court did not impose any fines as part of his sentences. Therefore, this argument is moot and we confine our analysis to the issue of court costs.

{¶ 6}   The Supreme Court of Ohio has held that, although costs must be assessed against all criminal defendants under R.C. 2947.23, a trial judge has discretion to waive costs for an indigent defendant. *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, ¶ 23. Because costs are assessed at sentencing, a defendant must move for waiver of costs at the time of sentencing. *Id.* "If the defendant makes such a motion, then the issue is preserved for appeal and will be reviewed under an abuse-of-discretion standard. Otherwise, the issue is waived and costs are res judicata." *Id.*  In this case, appellant was represented by counsel at the sentencing hearing. Neither appellant nor his counsel moved to waive court costs at the sentencing hearing. Therefore, to the extent that appellant contests the imposition of court costs, his arguments are barred by res judicata. Moreover, we conclude that appellant's arguments related to the imposition of court costs fail on their merits.

{¶ 7}   Appellant first argues that he was not given an opportunity at the sentencing hearing to seek a waiver of costs, citing *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954. In *Joseph*, the Supreme Court of Ohio held that a trial court erred by failing to orally notify a defendant at the sentencing hearing that it was imposing court costs as part of his sentence. The Supreme Court reasoned that the trial court's failure to notify the defendant denied him an opportunity to claim indigence and seek a waiver of court costs. *Id.* at ¶ 22. At the sentencing hearing in this case, by contrast, the trial court orally notified appellant twice that he would be required to pay court costs. Neither appellant nor his trial counsel objected to the imposition of costs or requested a waiver of costs. Thus, this case is distinguishable from *Joseph*. It appears that the essence of appellant's argument is that he was denied the opportunity to seek a waiver of court costs because the trial court did not notify him at the sentencing hearing of the *amount* of the court costs. However, the Supreme Court has held that calculating court costs in a criminal case is "merely a ministerial task" and that "failing to specify the amount of costs assessed in a sentencing entry does not defeat the finality of the sentencing entry as to costs." *Threatt* at ¶ 21. Under the same reasoning, a trial court's failure to specify the amount of court costs at a sentencing hearing is not equivalent to a failure to notify a defendant of the imposition of court costs. *See State v. Lux*, 2d Dist. No. 2010 CA 30, 2012-Ohio-112, ¶ 49 ("[W]e have held that the failure to specify the amount [of court

costs] at sentencing does not affect the order's finality and the itemized bill may be calculated later.").

{¶ 8}    Appellant also claims that R.C. 2947.23 required the trial court to conduct a mandatory hearing whether he was able to pay court costs. This court recently considered a similar claim in *State v. Huddleston*, 10th Dist. No. 12AP-512, 2013-Ohio-2561, where the appellant asserted that the trial court was required to make reasonable inquiries regarding his ability to pay court costs before ruling on his motion to waive costs. *Id.* at ¶ 7.  As we noted in that case, " 'it is well-established that a trial court need not consider a defendant's ability to pay court costs.' " *Id.*, quoting *Columbus v. Kiner*, 10th Dist. No. 11AP-543, 2011-Ohio-6462, ¶ 3. Moreover, in this case, as in *Huddleston*, the trial court indicated in the judgment entries that it considered appellant's present and future ability to pay a fine and financial sanctions before declining to impose a fine but ordering appellant to pay court costs. Because a court speaks only through its journal entries, we presume that the trial court considered appellant's ability to pay before issuing the judgment entries, even if the court's statements at the sentencing hearing did not reflect this consideration. *Huddleston* at ¶ 7. *See also State v. Alexander*, 10th Dist. No. 05AP-192, 2006-Ohio-1298, ¶ 23 ("Because the trial court may assess costs against an indigent defendant, the court is not required to hold a hearing to determine defendant's ability to pay."); *State v. Turner*, 6th Dist. No. WD-12-064, 2013-Ohio-5073, ¶ 11 (holding that a trial court is not required to hold a hearing or otherwise determine an offender's ability to pay before ordering him to pay court costs).

{¶ 9}    Accordingly, even if the issue is not barred by res judicata, we conclude that the trial court did not abuse its discretion by imposing court costs as part of appellant's sentence.

{¶ 10}  Finally, appellant's brief suggests that the trial court erred by failing to give him the statutorily required notices under R.C. 2947.23(A)(1)(a) and (b) related to the imposition of community service if he failed to pay court costs. Although it appears that the trial court did not give these notices at the sentencing hearing or in the judgment entry, this argument fails for two reasons.

{¶ 11}  First, res judicata bars the argument because appellant failed to assert it in a direct appeal of the judgment of conviction. "Pursuant to the doctrine of res judicata, a

final judgment of conviction precludes a defendant from raising and litigating in any proceeding, except a direct appeal from that judgment, any defense or claimed lack of due process that the defendant raised or could have raised on direct appeal from his conviction." *State v. Slager*, 10th Dist. No. 11AP-794, 2012-Ohio-3584, ¶ 11, citing *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus. As explained above, appellant did not file a direct appeal of the judgment entries of conviction. A claim that the trial court failed to give the required statutory notices is an issue that appellant could have raised on direct appeal; because he failed to do so, the argument is now barred by res judicata. *Huddleston* at ¶ 12. *Compare State v. Debruce*, 9th Dist. No. 25574, 2012-Ohio-454, ¶ 32-39 (sustaining a claim that the trial court erred by failing to give statutory notices required under R.C. 2947.23(A)(1) when raised in a direct appeal from judgment of conviction).

{¶ 12} Second, even if not barred by res judicata, appellant waived this argument by failing to raise it in the trial court. Appellant did not object to the failure to give the statutory notices at the sentencing hearing. Similarly, he did not raise this issue in his motion to vacate court costs and fees. "It is well-settled law that issues not raised in the trial court may not be raised for the first time on appeal because such issues are deemed waived." *State v. Barrett*, 10th Dist. No. 11AP-375, 2011-Ohio-4986, ¶ 13. Under Crim.R. 52(B), we may take notice of plain errors affecting substantial rights despite the fact that they were not brought to the attention of the trial court. We take notice of plain error only in exceptional circumstances to prevent a manifest miscarriage of justice. *State v. Sneed*, 63 Ohio St.3d 3, 10 (1992). The error must constitute an obvious defect in the trial proceedings and affect an appellant's substantial rights. *State v. Carter*, 10th Dist. No. 03AP-778, 2005-Ohio-291, ¶ 22. Appellant has not claimed plain error in this appeal and we do not find plain error to have occurred. *See Huddleston* at ¶ 13.

{¶ 13} For the foregoing reasons, we overrule appellant's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER, P.J., and O'GRADY, J., concur.

_____