[Cite as *State v. Williams*, 2014-Ohio-5727.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J.<br>Hon. W. Scott Gwin, J.<br>Hon. John W. Wise, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 2013 AP 04 0020 |
| MARK A. WILLIAMS | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal Appeal from the Municipal Court, Case No. CRB1100413

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      December 26, 2014

APPEARANCES:

For Plaintiff-Appellee

RONALD L. COLLINS
PROSECUTING ATTORNEY
150 East High Avenue
New Philadelphia, Ohio 44663

For Defendant-Appellant

JACOB WILL
116 Cleveland Avenue NW
Suite 808
Canton, Ohio 44702

*Wise, J.*

{¶1} Appellant Mark Williams appeals the decision of the New Philadelphia Municipal Court denying his motion to vacate his plea of guilty.

{¶2} Appellee is the State of Ohio. No Appellee's brief was filed in this matter.

## STATEMENT OF THE FACTS AND CASE

{¶3} On March 28, 2011, Appellant Mark Williams was charged with one count of Violating a Protection Order, in violation of R.C. §2919.27, a fourth degree misdemeanor.

{¶4} On July 24, 2012, Appellant entered a plea of guilty. The trial court sentenced Appellant to 180 days in jail, suspended, forty (40) hours of community service, 18 months of community control sanctions and court costs.

{¶5} On September 7, 2012, Appellant filed a motion to withdraw his guilty plea.

{¶6} On March 18, 2013, the trial court held a hearing on Appellant's motion.

{¶7} By Judgment Entry filed April 1, 2013, the trial court denied Appellant's motion.

{¶8} It is from this denial Appellant now appeals, assigning the following error for review:

## ASSIGNMENT OF ERROR

{¶9} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO VACATE HIS GUILTY PLEA."

**I.**

{¶10} In his sole Assignment of Error, Appellant claims that the trial court erred in denying his motion to vacate his guilty plea. We disagree.

{¶11} In the instant case, Appellant did not move the court to allow him to withdraw his guilty plea until approximately six (6) weeks after sentencing.

{¶12} Crim.R. 32.1 reads as follows: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶13} Under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *State v. Aleshire,* Licking App.No. 09–CA–132, 2010–Ohio–2566, ¶ 60, citing *State v. Smith* (1977), 49 Ohio St.2d 261, 264, 361 N.E.2d 1324. We have previously looked to the decision of the Second District Court of Appeals in *Xenia v. Jones,* which defined a manifest injustice as "a clear or openly unjust act" that involves "extraordinary circumstances." *State v. Weaver,* 5th Dist. Holmes No. 11 CA023, 2012–Ohio–2788, at ¶ 3, citing *Xenia v. Jones,* 2nd Dist. Greene No. 07–CA104, 2008–Ohio–4733, ¶ 6. "A manifest injustice comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through any form of application reasonably available to him." *State v. Shupp,* 2nd Dist. Clark No. 06CA62, 2007–Ohio–4896, at ¶ 6. A defendant seeking to withdraw a post-sentence guilty plea bears the burden of establishing manifest injustice based on specific facts either contained in the record or supplied through affidavits attached to the motion. *State v. Hummell,* 5th Dist.

Richland No. 12CA64, 2013–Ohio–2422 at ¶ 13, citing *State v. Orris,* 10th Dist. Franklin No. 07AP390, 2007–Ohio–6499.

**{¶14}** The length of passage of time between the entry of a plea and a defendant's filing of a Crim.R. 32.1 motion is a valid factor in determining whether a "manifest injustice" has occurred. *See State v. Copeland–Jackson,* Ashland App. No. 02COA018, 2003–Ohio–1043, ¶ 7.

**{¶15}** Appellate review of a trial court's decision under Crim.R. 32.1 is limited to a determination of whether the trial court abused its discretion. *See State v. Caraballo* (1985), 17 Ohio St.3d 66, 67, 477 N.E.2d 627. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *State v. Pepper,* 2014–Ohio–364, ¶ 31 quoting *State v. Smith,* 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph two of the syllabus.

**{¶16}** In support of its arguments, appellant cites to the case of *Fish, supra,* paragraph two of the syllabus, wherein the First District set forth factors to consider in determining whether to grant a Crim.R. 32.1 motion:

**{¶17}** A motion to withdraw a plea of no contest, made prior to the imposition of sentence, should be freely granted in the exercise of the trial court's discretion; one extremely important factor bearing on the exercise of the court's discretion is whether withdrawal will result in prejudice to the prosecution, but there are others to be weighed

as well, including (1) the representation afforded to the defendant by counsel; (2) the extent of the hearing conducted pursuant to Crim.R. 11; (3) the extent of the hearing on the motion to withdraw; (4) the amount of consideration given to the motion by the court; (5) the timing of the motion; (6) the reasons given for withdrawal; (7) the defendant's understanding of the charges and penalties; and (8) the existence of a meritorious defense.

{¶18} We note the *Fish* court involved a Crim.R. 32.1 motion "made prior to the imposition of sentence." However, as stated by appellee in his brief at page 29: "Nonetheless, many of the *Fish* factors are useful in guiding a trial court's exercise of discretion regarding the existence of manifest injustice."

{¶19} Appellant herein argues that he was denied the effective assistance of counsel in this matter because his attorney failed to attend a scheduled pre-trial due to illness and never requested that another pretrial be set.

{¶20} In its April 1, 2013, Judgment Entry denying Appellant's motion to withdraw his guilty plea, the trial court found the following: Appellant had three different attorneys during the pendency of the lower court case: a public defender, whom he orally asked the trial court to remove at the final pretrial. The trial court granted Appellant additional time to hire private counsel. Attorney Stephan was retained but then asked to be removed, which was denied by the trial court. Attorney Gaffney was then hired and substituted for Attorney Stephan. Attorney Gaffney entered his appearance on April 30, 2012, the date the jury trial was originally scheduled. The jury trial date was converted to a status conference. Settlement discussions took place, but the matter was not resolved so a new jury trial was set for July 10, 2012. Atty. Gaffney

was ill on July 10, 2012, so the trial was reset for July 23, 2012. On July 23, 2012, the prosecutor renewed the plea offer. Appellant accepted the negotiated plea and entered a guilty plea to the charge of violating a protection order..

{¶21} The trial court further found that prior to accepting Appellant's change of plea, the court conducted an extensive colloquy with Appellant on the record pursuant to Crim.R. 11. The trial court also found that Appellant executed a written Waiver of Jury trial and an explanation of "Your Rights" form, which he also acknowledged in open court.

{¶22} While Appellant did file a transcript of the hearing on his motion to withdraw, Appellant has not provided this Court with a transcript of the change of plea and sentencing hearing. In *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384, the Supreme Court of Ohio held the following: "[t]he duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. *See State v. Skaggs* (1978), 53 Ohio St.2d 162, 372 N.E.2d 1355. This principle is recognized in App.R. 9(B), which provides, in part, that ' * * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record.* * *.' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." (Footnote omitted.)

**{¶23}** Without a transcript of the proceedings, Appellant cannot demonstrate any error or irregularity in connection with the trial court's decision. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384. A presumption of regularity applies to the trial court's acceptance of Appellant's plea, and Appellant has shown us nothing to overcome the presumption.

**{¶24}** Further, under the doctrine of "invited error," it is well settled that "a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." *State ex rel. Smith v. O'Connor* (1995), 71 Ohio St.3d 660, 663, 646 N.E.2d 1115, citing *State ex rel. Fowler v. Smith* (1994), 68 Ohio St.3d 357, 359, 626 N.E.2d 950. *See, also*, *Lester v. Leuck* (1943), 142 Ohio St. 91, 50 N.E.2d 145, paragraph one of the syllabus. As the Ohio Supreme Court has stated:

**{¶25}** "The law imposes upon every litigant the duty of vigilance in the trial of a case, and even where the trial court commits an error to his prejudice, he is required then and there to challenge the attention of the court to that error, by excepting thereto, and upon failure of the court to correct the same to cause his exceptions to be noted. It follows, therefore, that for much graver reasons, a litigant cannot be permitted, either intentionally or unintentionally, to induce or mislead a court into the commission of an error and then procure a reversal of the judgment for an error for which he was actively responsible." *Lester* at 92-93, 50 N.E.2d 145, quoting *State v. Kollar* (1915), 142 Ohio St. 89, 91, 49 N.E.2d 952; *Walker v. State,* Stark App. No. 2007CA00037, 2007-Ohio-5262 at ¶ 48-52.

{¶26} Upon review, we find Appellant was represented at the change of plea hearing. Appellant was sentenced in accordance with his agreement and in accordance with Crim.R. 11.

{¶27} We find that Appellant has failed to point to anything in the record to support his claim of ineffective assistance of counsel or his claim that he did not understand the plea proceedings.

{¶28} Upon review of the entirety of Appellant's claims in support of his motion to withdraw plea, we are unpersuaded the trial court in the case sub judice abused its discretion in declining to find a manifest injustice warranting the extraordinary step of negating Appellant's plea.

{¶29} For the foregoing reasons, the judgment of the New Philadelphia Municipal Court, Tuscarawas County, Ohio, is affirmed.

By: Wise, J.

Hoffman, P. J., and

Gwin, J., concur.

JWW/d 1217