[Cite as *State v. Perrin*, 2017-Ohio-8176.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2017CA00062 |
| VICKI PERRIN | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Criminal appeal from the Canton Municipal Court, Case No. 2016 CRB 03986

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      October 10, 2017

APPEARANCES:

For Plaintiff-Appellee

LAWRENCE SPOLJARIC
Assistant Prosecuting Attorney
218 Cleveland Avenue N.W.
Box 24218
Canton, OH 44701-4218

For Defendant-Appellant

BERNARD HUNT
2395 McGinty Road N.W.
North Canton, OH 44720

*Gwin, P.J.*

{¶1} Appellant appeals the decision of the trial court denying her motion to withdraw plea. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} On August 23, 2016, appellant Vicki Perrin was charged with: interference with custody in violation of R.C. 2919.23(A)(1), obstruction of official business in violation of R.C. 2921.31, and failure to disclose one's personal information pursuant to R.C. 2921.29(A)(1). The trial court set the matter for jury trial.

{¶3} On November 9, 2016, a bench warrant was issued for appellant for the failure to appear at trial. Appellant was arrested on this warrant on March 6, 2017. On March 13, 2017, appellant appeared with her attorney and pled no contest to the second and third counts. The trial court dismissed the first count. Appellant signed a plea form indicating she had someone explain the plea form to her and she understood the maximum potential penalties for each offense.

{¶4} At the plea hearing, the trial court reviewed the charges that remained pending against appellant, as well as the maximum potential penalties for each charge. Appellant confirmed she understood the maximum potential penalties for each charge, that she signed the plea form of her own free will, that she understood the no contest plea, and that she understood she was waiving her right to trial. Appellant told the trial court she had nothing to say prior to the imposition of sentence.

{¶5} As to the second count, the trial court sentenced appellant to: ninety days in jail with all but eight days suspended, with credit for time served; 100 hours of community service; a ten dollar fine; and costs. On the third count, the trial court

sentenced appellant to pay court costs, but did not impose a fine. The trial court noted during the sentencing hearing the "big thing remaining is some court cost payments and then community service."

{¶6} Appellant filed a motion to withdraw plea pursuant to Criminal Rule 32 on March 21, 2017. Appellant argued she never would have pled no contest to the charges had she known the court costs were so high. Further, she believed it was manifestly unjust for the amount of court costs to have not been disclosed prior to her plea.

{¶7} The trial court held a hearing on appellant's motion to withdraw on April 4, 2017. Counsel for appellant stated appellant contacted him after receiving notice that the court costs in the case totaled over $700. Counsel stated that, at the time of the plea, he did go over the plea sheet / form with appellant and informed her there would be fines and costs. Counsel also conceded when appellant pled, the trial court let her know there would be a fine and court costs. Counsel stated that, at the time of appellant's plea, he did not know what the final court costs would be and that he did not tell her a specific amount as to court costs.

{¶8} At the hearing, appellant stated she "thought" her counsel "did tell me what the court costs and fines were going to be." Appellant further stated the charges against her were trumped up, it was all entrapment just to get money, and she does not know why she was in jail. Appellant then said, in reference to her attorney, "I thought I remembered him telling me" the fine would be $10 and the court costs would be $25.

{¶9} Counsel for appellant then stated he did not know what the court costs would be during negotiations or when going over the plea agreement with appellant. Counsel said, "I do not recall ever indicating the costs would be twenty-five dollars."

Further, counsel had no reason to expect, based on his experience, that the court costs would only be twenty-five dollars. Counsel stated at the second pre-trial in the case, prior to the warrant being issued, he may have talked to the prosecutor and appellant about possibly capping costs in the case, but that was never made a formal offer.

{¶10} The trial court denied appellant's motion to withdraw plea, but suspended all but $500 of the fines and costs in the case.

{¶11} Appellant appeals the decision of the Canton Municipal Court and assigns the following as error:

{¶12} "I. THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT'S MOTION TO WITHDRAW PLEA, PURSUANT TO CRIMINAL RULE 32.1

{¶13} "II. THE DEFENDANT WAS DENIED HER RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE CONSTITUTION OF THE UNITED STATES AND ARTICLE 1, SECT. 10 OF THE CONSTITUTION FOR THE STATE OF OHIO."

I.

{¶14} In her first assignment of error, appellant argues the trial court erred in overruling her motion to withdraw plea. We disagree.

{¶15} Pursuant to Crim.R. 32.1, "a motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The defendant bears the burden of proving "manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977). Whether the defendant has

sustained that burden is within the sound discretion of the trial court and we review the trial court's decision for an abuse of discretion.

{¶16} Under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *State v. Williams*, 5th Dist. Tuscarawas No. 2013 AP 04 0020, 2014-Ohio-5727. A manifest injustice has been defined as a "clear or openly unjust act." *State v. Congrove*, 5th Dist. Delaware No. 09CA090080, 2010-Ohio-2933, quoting *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 699 N.E.2d 2983 (1998). "A manifest injustice comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through any form of application reasonably available to him." *State v. Williams*, 5th Dist. Tuscarawas No. 2013 AP 04 0020, 2014-Ohio-5727.

{¶17} Appellant's claim of manifest injustice is that she was misled because the trial court told her court costs were only twenty-five dollars, but they were much higher. At the motion hearing, appellant asserted she "thought" the trial court told her at the plea hearing there would be court costs of twenty-five dollars.

{¶18} However, in the transcript of the plea and sentencing hearing, there is no indication the trial court informed appellant the costs would be twenty-five dollars. At the plea hearing, the trial court reviewed the charges that remained pending against appellant, as well as the maximum potential penalties for each charge. Appellant confirmed she understood the maximum potential penalties for each charge, that she signed the plea form of her own free will, that she understood the no contest plea, and that she understood she was waiving her right to trial. Appellant told the trial court she had nothing to say prior to the imposition of sentence. At the sentencing hearing, on the

third count, the trial court told appellant he was sentencing her to costs only, no fines. Also at the hearing, the trial court told appellant he was sentencing her to a $10 fine and costs on the second count.

{¶19} Appellant also claims the trial court erred in denying her motion to withdraw plea because the trial court did not inform her of the exact amount of costs. We disagree.

{¶20} The Ohio Supreme Court has stated that costs are taxed against certain litigants for the purpose of lightening the burden on taxpayers financing the court system. *Strattman v. Studt*, 20 Ohio St.2d 95, 253 N.E.2d 749 (1969). "Therefore, although costs in criminal cases are assessed at sentencing and are included in the sentencing entry, costs are not punishment, but are more akin to a civil judgment for money." *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164. In determining that a sentencing entry assessing costs without specifying the exact amount of costs is a final appealable order, the Ohio Supreme Court stated, "when the remaining issues are mechanical in nature and unlikely to produce a second appeal because only a ministerial task similar to assessing costs remains, then the order is final and appealable." *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, citing *State ex rel. White v. Cuyahoga Metro. Housing Auth.*, 79 Ohio St.3d 543, 684 N.E.2d 72 (1997). Further, that "calculating a bill for the costs in a criminal case is merely a ministerial task." *Id.*

{¶21} In *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, the Ohio Supreme Court held the failure to inform a defendant at the sentencing hearing that he must pay costs denies the defendant the opportunity to seek waiver of payment of the court costs. However, the Ohio Supreme Court reaffirmed its position that "court costs are a civil obligation * * * in both criminal and civil cases." *Id.*

**{¶22}** In this case, appellant was notified she would be required to pay court costs. She did not object to the imposition of costs or request waiver of costs, though she had the opportunity to do both at the plea and sentencing hearing when the trial court informed her of the maximum penalties and sentenced her to pay costs on each count. In fact, the trial court did cap appellant's costs at five hundred dollars as a result of her motion. The calculation of the exact amount of costs in a criminal case is a "ministerial task" and the failure to specify the exact amount of court costs is not equivalent to the failure to notify appellant as to the imposition of costs. *State v. Martinez*, 10th Dist. Franklin Nos. 12AP-852, 12AP-853, 2014-Ohio-898; *State v. Lux*, 2nd Dist. Miami No. 2010 CA 30, 2012-Ohio-112 (holding the court's imposition of court costs is not erroneous due to the court's failure to specify the amount of court costs at sentencing because the calculation of the amount of court costs is a ministerial act; the itemized bill may be calculated later).

**{¶23}** We find the trial court did not abuse its discretion in finding no manifest injustice and in overruling her motion to withdraw plea. Appellant's first assignment of error is overruled.

II.

**{¶24}** In her second assignment of error, appellant alleges ineffectiveness of trial counsel, specifically, that her counsel told her fines and court costs would be a certain amount if she signed the no contest form, and the conduct of trial counsel in the promise of low court costs was prejudicial because of her poor financial situation. Further, that the low amount of costs induced her no plead no contest.

**{¶25}** To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel was ineffective, i.e. whether

counsel's performance fell below an objective standard of reasonable representation and volatile of any of his essential duties to the client. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." *Id.*

**{¶26}** Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test, whether the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. *Id.* This requires a showing that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.*

**{¶27}** First, appellant's testimony was not definitive, as she testified she "thought" she remembered her attorney telling her the court costs would be twenty-five dollars.

**{¶28}** Further, though appellant alleges counsel admitted he gave her wrong information, the transcript does not support this allegation and the testimony of her attorney at the hearing on the motion to withdraw disputes this assertion. On a motion to withdraw guilty plea, the good faith, credibility, and weight of the movant's assertions are matters to be resolved by the trial court. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977).

**{¶29}** At the hearing, counsel stated he did inform appellant at the plea hearing she would have to pay costs; however, he did not know what the final court costs would be, so he did not tell her a specific amount as to court costs. After hearing appellant's

testimony that he told her the court costs would be twenty-five dollars, counsel testified, "I do not recall ever indicating the costs would be twenty-five dollars." Counsel further stated that, based on his experience, he had no reason to expect the court costs would only be twenty-five dollars. Counsel stated that at the second pre-trial in the case, prior to appellant's failure to appear for trial and a warrant being issued for her arrest, he may have discussed with the prosecutor and/or appellant the possibility of capping costs as part of a plea negotiation; however, no formal offer was ever made in this regard. Aside from an indication by the trial court that court costs would be imposed, there is no other memorialization of such a conditional offer.

{¶30} Further, as noted above, the calculation of the bill for the costs in a criminal case is not punishment, but is akin to a civil judgment for money and such calculation is merely a ministerial task. Thus, counsel's performance did not fall below an objective standard of reasonable representation in a criminal case when he did not tell appellant the exact amount of her court costs at the time of her plea.

{¶31} Appellant's second assignment of error is overruled.

{¶32}  Based on the foregoing, appellant's assignments of error are overruled and the April 4, 2017 decision of the trial court denying her motion to withdraw plea is affirmed.

By Gwin, P.J.,

Baldwin, J., and

Wise, Earle, J., concur